**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STEPHEN ST. JAMES,** | ) |
| | ) |
|          **Petitioner,** | ) |
| | ) |
| vs. | )    Case No. CIV-09-247-HE |
| | ) |
| **H.A. LEDEZMA, Warden,** | ) |
| | ) |
|          **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Correctional Institution (FCI) in El Reno, Oklahoma, and appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has moved to dismiss the petition [Doc. No. 10] and Petitioner has filed a reply [Doc. No. 11]. For the following reasons, it is recommended that Respondent's motion be granted and the petition be dismissed for lack of jurisdiction.

## Background

Petitioner was convicted in the United States District Court for the District of South Dakota, Case No. 05-50039, pursuant to a plea of guilty entered on October 7, 2007, to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B).

---

[1] The record shows that Petitioner mailed his habeas petition to the Oklahoma County District Court. By letter dated March 3, 2009, the Oklahoma County District Court Clerk's Office determined that the case had been sent to the state district court in error and forwarded the case to this Court for filing.

Petition at 2; *see also* Petition, Ex. 5 (Presentence Investigation Report, *United States v. Stephen St. James*, Docket No. 05-50039-01). The district court imposed a sentence of 60 months of imprisonment and a term of 5 years of supervised release. Petition at 2. The record does not indicate whether Petitioner filed a direct appeal or a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Although it is somewhat difficult to discern the precise nature of his claims, Petitioner declares that "his sentence and conviction is contrary to the Constitution of the United States . . . ." Petition at 2. He contends that the probation officer in his case used procedures that violated his rights to due process and equal protection. *Id.* Petitioner further contends that the criminal indictment in his case was "fatally defective." *Id.* at 3. Petitioner also alleges that the officers of the Drug Enforcement Agency exceeded their statutory authority. *Id.* Finally, Petitioner claims that "if not for these several errors," he "would have established that he was actually innocent of the offense with which he was charged." *Id.* As relief, Petitioner seeks immediate release. *Id.* (last page).[2]

---

[2]As further support for his claims, Petitioner refers to his "Memorandum in Support of Petitioner's Writ of Habeas Corpus." [Doc. No. 4]. In this document, Petitioner refers to the minimum due process requirements required for serving a parole violator's warrant and a parole revocation hearing – claims that appear irrelevant to his challenge to the criminal sentence he is serving at FCI-El Reno. Petitioner's Memorandum at 3. And, Petitioner further repeats his claims that the indictment in his criminal case was defective and that the drug enforcement officers exceeded their statutory authority. *Id.* at 4-5. Thus, the undersigned finds that Petitioner's supporting brief does little to clarify the nature of his claims. It is further noted that although in his reply Petitioner alleges that his petition concerns "a parole problem," Petitioner's Reply at 2, nothing in his petition or attached documents supports his position.

In the motion to dismiss, Respondent contends that this Court is without jurisdiction over this action because Petitioner's claims may be brought only as an action pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of South Dakota. The undersigned agrees.

## Discussion

Although Petitioner filed this action as a § 2241 petition for a writ of habeas corpus, the Court must determine whether Petitioner's action arises under § 2241 or § 2255. A § 2255 petition attacks the legality of a conviction or sentence and must be filed in the district that imposed the sentence, while a § 2241 petition attacks the execution of a sentence and must be filed in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). *See also McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that proceedings under 28 U.S.C. § 2254 and 2255 "are used to collaterally attack the validity of a conviction and sentence"). A petition under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. *Bradshaw*, 86 F.3d at 166 (citations omitted).

In this case, Petitioner plainly states that he is challenging the constitutionality of his conviction and sentence, and his claims relate to alleged errors that occurred during his criminal case. Thus, it is clear that Petitioner has raised claims that directly challenge the validity of his convictions and sentences–claims that fall squarely within the purview of §

2255.  Petitioner can raise such claims in a § 2241 petition only if he satisfies the requirements of the so-called "savings clause" in § 2255.  That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).  This exception is an extremely narrow one.  *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  Examples of when such might be the case are when the original sentencing court is abolished, when the sentencing court refuses to consider the § 2255 petition altogether, when the court inordinately delays consideration of the petition, or when no one court could grant complete relief.  *Id.*  It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective; even a previous failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.  *Bradshaw*, 86 F.3d at 166 (citing *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).  The record does not establish whether Petitioner has previously been denied relief on a § 2255 motion.  In any event, in response to the motion to dismiss, Petitioner has failed to allege any facts to demonstrate that the remedy under § 2255 is inadequate or ineffective.

Petitioner is attempting to challenge the validity of his conviction and sentence by a § 2241 action; however, he has failed to demonstrate the inadequacy or ineffectiveness of the § 2255 remedy, a prerequisite to a § 2241 action.  Moreover, this Court lacks jurisdiction to

consider Petitioner's challenge to his conviction and sentence pursuant to 28 U.S.C. § 2255 because the District Court of South Dakota is the proper forum for that claim. *See* 28 U.S.C. § 2255; *Haugh v. Booker*, 210 F.3d 1147, 1152 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction."). Accordingly, it is recommended that the petition be dismissed without prejudice.

### **RECOMMENDATION**

For the reasons set forth above, it is recommended that Respondent's motion to dismiss [Doc. No. 10] be granted and the petition for a writ of habeas corpus [Doc. No. 1] be dismissed without prejudice. In light of this recommendation, it is further recommended that Petitioner's "Motion for Emergency Hearing" [Doc. No. 5] be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 19th day of November, 2009, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual findings and the legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 30th day of October, 2009.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE